```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
MICHAEL WALKER,

                Petitioner,
                                                   MEMORANDUM AND ORDER
        -against-
                                                   18-cv-7227(KAM)(LB)
WILLIAM KEISER,

                Respondent.
----------------------------------------x
```

**KIYO A. MATSUMOTO, United States District Judge:**

On December 18, 2018, *pro se* petitioner Michael Walker ("Mr. Walker" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1, "Petition.") Because Mr. Walker's potential remedies in state court remain unexhausted, the Petition is dismissed without prejudice for failure to comply with the exhaustion requirement set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State.").

## Background

I.  **The Criminal Offenses and Plea Agreement**

On September 13, 2016, Mr. Walker unlawfully entered a building with the intent to commit a crime therein. (ECF No. 7,

1

Affidavit in Opposition to Petition for a Writ of Habeas Corpus ("Opp."); ECF No. 7-2, Transcript of Mr. Walker's Plea Proceeding ("Plea Tr."), at 11:18-23.)  The State charged Mr. Walker with, *inter alia*, Arson in the Third Degree (N.Y. Penal Law § 150.10(1)) and Burglary in the Third Degree (N.Y. Penal Law § 140.20).  (ECF No. 7-7, Decision and Order Denying Mr. Walker's Motion to Set Aside Sentence ("Decision Denying Motion to Set Aside Sentence"), at 1-2.)

Mr. Walker was involved in a separate incident on January 8, 2017, during which Mr. Walker attempted to forcibly steal property from a jewelry store and, in the course of the commission of that crime, caused injury to the store's owner.[1] (Plea Tr. at 11:04-11.)  As a result of that incident, the State charged Mr. Walker with, *inter alia*, two counts of Robbery in the First Degree (N.Y. Penal Law § 160.15(2) & (4)) and one count of Robbery in the Second Degree (N.Y. Penal Law § 160.10(2)(A)).  (Decision Denying Motion to Set Aside Sentence, at 2.)

---

[1] Respondent provides the following overview of Mr. Walker's conduct: Mr. Walker entered a jewelry store, pulled out a gun, and ordered two of the individuals working at the store, including the store's owner, Zafar Iqbal ("Mr. Iqbal"), to get on the ground.  (Opp. ¶ 4.)  Mr. Walker struck Mr. Iqbal on the back of the head with the gun.  (*Id.*)  Mr. Walker then led the two individuals to the back of the store, where the store kept a safe.  (*Id.*)  Mr. Walker hit both individuals, opened the safe, took jewelry, and attempted to flee.  (*Id.*)  Mr. Iqbal and several bystanders subdued Mr. Walker during his attempted flight.  (*Id.*)  Police officers then arrested Mr. Walker.  (*Id.*)

On August 15, 2017, Mr. Walker pleaded guilty before the Supreme Court of the State of New York, Kings County (the "Supreme Court") on both of the above indictments pursuant to a negotiated plea. (*Id.*) On the first indictment, Mr. Walker pleaded guilty to Burglary in the Third Degree, a class D non-violent felony, with a stipulated sentence of three-and-a-half years. (*Id.*) On the second indictment, Mr. Walker pleaded guilty to Attempted Robbery in the Second Degree, a class D violent felony (as a lesser included count of the Robbery in the Second Degree charge contained in the indictment), with a stipulated sentence of twelve years to life. (*Id.*)

The Supreme Court advised Mr. Walker during his plea allocution that he qualified as a "mandatory persistent" offender. (*Id.*) The State later filed a predicate statement setting forth Mr. Walker's convictions and sentences on prior violent felonies. (*Id.*) Mr. Walker was arraigned on the filed predicate statement and admitted he was convicted of the felonies enumerated therein. (*Id.*) Mr. Walker was then adjudicated a persistent violent felony offender. (*Id.*)

On August 30, 2017, Mr. Walker appeared before the Supreme Court for sentencing. (*Id.*) The Supreme Court gave Mr. Walker an opportunity to address the court before his sentence. (*Id.*) Mr. Walker declined to address the court. (*Id.*) The Supreme Court imposed the stipulated sentence of three-and-a-

half years for Burglary in the Third Degree and twelve years to life for Attempted Robbery in the Second Degree.  (*Id.*)

**II.  The Subsequent Appeals**

    a. <u>The Direct Appeal</u>

Mr. Walker secured the appointment of Appellate Advocates as counsel for his appeal.  (*See* ECF No. 21-1, Opposition to Motion to Stay, Decision & Order on Motion to Relieve Counsel.)  Lynn W. L. Fahey ("Ms. Fahey") of Appellate Advocates reviewed Mr. Walker's case and found there to be "no issue to raise on [his] appeal."  (Pet. 28 (enclosing letter from Appellate Advocates, Sept. 7, 2018).)  Ms. Fahey, however, indicated that she would file an *Anders* brief on Mr. Walker's behalf, and that he would have a chance to file a *pro se* brief arguing that he was improperly adjudicated as a persistent violent felony offender, if he so desired.[2]  (*Id.*)

On September 21, 2018, Mr. Walker wrote to the Supreme Court of the State of New York, Appellate Division, Second Department to request that the court relieve Appellate Advocates as counsel and allow him to prosecute his appeal *pro se*.  (Decision & Order on Motion to Relieve Counsel.)  On April 5, 2019, the Appellate Division granted Mr. Walker's motion to

---

[2] After Mr. Walker apparently objected to Ms. Fahey's position, Appellate Advocates sent him a letter echoing Ms. Fahey's advice.  (Pet. 29 (enclosing letter from Appellate Advocates, Sept. 19, 2018).)

4

relieve counsel and allowed Mr. Walker to proceed *pro se* on his appeal. (*Id.*)

On October 3, 2019, the Appellate Division sent a letter to Mr. Walker indicating that his *pro se* brief was due July 17, 2019, but that he had not yet filed such a brief. (ECF No. 21-2 (Oct. 3, 2019 letter).) The Appellate Division informed Mr. Walker that he must "advise the Court of [his] intentions within 30 days of th[e] letter." (*Id.*) Mr. Walker replied and requested filing instructions for his *pro se* brief on November 30, 2019 and December 12, 2019. (ECF No. 21-3 (Dec. 27, 2019 letter).) By letter dated December 27, 2019, the Appellate Division notified Mr. Walker of the appropriate procedure for filing his *pro se* brief. (*Id.*) Mr. Walker filed his appeal brief on February 5, 2020. (ECF No. 22 (May 22, 2020 letter from Respondent).) The State's response is due July 20, 2020. (*Id.*)

b. The Collateral Attacks

During the pendency of his direct appeal, Mr. Walker collaterally attacked his conviction and sentence. On January 11, 2018, Mr. Walker moved to set aside his sentence pursuant to New York Criminal Procedure Law § 440.20. (*See* ECF No. 7-5 (Defendant's Motion to Set Aside the Sentence).) Mr. Walker argued, *inter alia*, that plea counsel "was ineffective in failing to challenge [the] legality of [Mr. Walker's] prior

5

conviction [for] Burglary in the [Third] [D]egree." (*Id.* at 3.) The Supreme Court denied Mr. Walker's motion to set aside his sentence on May 30, 2018. (Decision Denying Motion to Set Aside Sentence.) Both the Appellate Division (*see* ECF No. 7-8) and the Court of Appeals (*see* ECF No. 7-9) denied Mr. Walker's requests to appeal the Supreme Court's judgment.

On June 27, 2018, Mr. Walker moved to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10. (ECF No. 7-10 (Defendant's Motion to Vacate the Judgment of Conviction).) The Supreme Court denied Mr. Walker's motion on November 30, 2018. (ECF No. 7-12 (Decision and Order Denying Motion to Vacate Judgment of Conviction).) Mr. Walker filed an application for leave to appeal, which was denied on July 9, 2019. (May 22, 2020 letter from Respondent.)

### III. The Instant Petition

On December 18, 2018, before the completion of his direct appeal, and while his collateral attacks had been only partially exhausted, Mr. Walker filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent answered Mr. Walker's petition on April 11, 2019. Mr. Walker has filed several "supplemental" filings, adding additional facts and legal argument since that time. (*See* ECF Nos. 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20.)

6

On December 11, 2019, Mr. Walker filed a motion to stay the instant action. (ECF No. 15.) Mr. Walker's motion stated:

> [A]round the period of February, 2019 I received a court order stating that the People have until April of 2019 to respond. However, I did receive a notice from the Appellate Court concerning my Direct Appeal. I recently returned a notice explaining the reason for my delay in submission of Direct Appeal was due to deficiencies in receiving reasonable accommodations when entering a new facility due to a drop in my classification. Recently, I have been provided with the minimum devices in order to move forward with my direct appeal. When provided the ability to now provide the court facts. I am required to place you on notice that my sight level is rapidly deteriorating due to my condition of advanced stages of Glaucoma. Therefore, I humbly request that you hold this Motion in abeyance until my direct appeal is decided within the 2nd District Court in means of safe guarding my efforts in procedurally addressing the higher court, in which I will not be able to accomplish in the near future.

(*Id.*) The Court directed Respondent to file a response to Mr. Walker's motion to stay. (ECF Dkt. Order, Dec. 18, 2019.)

On January 3, 2020, Respondent opposed Mr. Walker's motion to stay. (ECF No. 21.) Respondent's opposition focused on Mr. Walker's failure to perfect his direct appeal before filing the instant petition. (*Id.* at 1.) On May 18, 2020, this Court ordered Respondent to file an update on the status of Mr. Walker's direct appeal and collateral attacks. (ECF Dkt. Order, May 18, 2020.) Respondent filed its response on May 22, 2020, advising that Respondent's appellate brief was due in July 2020, and thus the appeal was still pending. (ECF No. 22.)

**Legal Standard**

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA narrowed the scope of federal habeas review of state convictions where the state court adjudicated a petitioner's federal claim on the merits. 28 U.S.C. § 2254(d). AEDPA's standard is a highly deferential standard of review, "requiring courts to assess whether the state court's decision was 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Garner v. Lee*, 908 F.3d 845, 861 n.14 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 1608 (2019).

Under AEDPA, the reviewing court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This "standard is intentionally 'difficult to meet.'" *Woods v. Donald*, 575 U.S.

8

312, 316 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)). A petitioner will prevail on a claim under 28 U.S.C. § 2254(d)(1) only by showing "the state court arrive[d] at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decide[d] a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000).

"It is well-settled that a federal district court 'may not grant the habeas petition of a state prisoner unless it appears that the applicant has exhausted the remedies available in the courts of the State." *Frazier v. Armstrong*, 2008 U.S. Dist. LEXIS 101280, at *2 (N.D.N.Y. Dec. 16, 2008) (quoting *Shabazz v. Artuz*, 336 F.3d 154, 160 (2d Cir. 2003) (internal quotation marks omitted)); *see also Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994) (holding that before addressing the merits of any constitutional issue raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2254, a court "must find that the petitioner has 'exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the [petitioner].'").

9

"The federal habeas corpus exhaustion requirement is grounded in principles of federal-state comity." *Ellman*, 42 F.3d at 147 (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). "State courts, like federal courts, are obliged to enforce federal law." *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005). Comity therefore "dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844.

## Discussion

For Petitioner to have "exhaust[ed] state court remedies, [he] must [have] utilize[d] every avenue of state court review." *Jordan v. Bailey*, 985 F. Supp. 2d 431, 437 (S.D.N.Y. 2013). "Only when a criminal defendant has no further state alternatives may she seek relief by way of a federal habeas petition." *Id.* The only "narrow exception to this rule [is] for rare instances in which exhaustion is, for some reason, futile." *Id.* (citing *Ellman*, 42 F.3d at 149). "Futility is present when there is a 'complete absence of a mechanism for correction of the alleged unconstitutional violation' or the petitioner is 'precluded by an unconscionable breakdown from using the process that exists.'" *Id.* (quoting *Francis S. v. Stone*, 995 F. Supp. 368, 380 (S.D.N.Y. 1998)).

10

Petitioner's motion to stay acknowledged that his criminal appeal was still pending with the Appellate Division. Moreover, that appeal remains pending, as the State's response to Petitioner's appellate brief has not yet been filed. (May 22, 2020 letter from Respondent.) Without evidence that any state remedies would be futile, it was premature for Mr. Walker to pursue a petition for habeas relief in this Court. *See, e.g.*, *Roberites v. Colly*, 546 F. App'x 17, 20 (2d Cir. 2013) ("[I]n light of the fact that [the petitioner's] appeal is now moving forward, we will not ourselves address the merits of [petitioner's] challenge to his conviction [through a § 2254] in advance of state courts."); *Intaquab Ali v. Superintendent of Otisville Corr. Facility*, 2015 U.S. Dist. LEXIS 128217, at *3 (E.D.N.Y. Sep. 23, 2015) ("The [§ 2254] Petition, therefore, is premature, as it is undisputed that, when it was filed, Petitioner's direct appeal from his judgment of conviction was still pending before the intermediate appellate courts in New York."); *Frazier*, 2008 U.S. Dist. LEXIS 101280, at *4 (dismissing § 2254 petition without prejudice for failure to exhaust state remedies where petitioner advised court that his criminal appeal was still pending with the Appellate Division); *Best v. New York*, 2016 U.S. Dist. LEXIS 89756, at *1 (E.D.N.Y. July 7, 2016) ("Petitioner may only seek federal habeas review of his conviction once he has exhausted his state court

11

remedies, i.e., once he completes the appellate review process in state court.").

The Court's options, therefore, are to dismiss Mr. Walker's petition without prejudice, or to stay this action pending exhaustion of Mr. Walker's direct appeal.  *See Intaquab Ali*, 2015 U.S. Dist. LEXIS 128217, at *8.  The United States Supreme Court has held that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality of state court judgments," and therefore "stay and abeyance should be available only in limited circumstances."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  A stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Id.*

In light of AEDPA's objectives, dismissal is the more appropriate course in this action.  The facts of this case do not present the "limited circumstances" in which a stay is warranted.  Petitioner's motion for a stay argued that "the reason for [his] delay in submi[tting] [his] [d]irect [a]ppeal was due to deficiencies in receiving reasonable accommodations when entering a new facility due to a drop in [his] classification." (Motion to Stay.)  Petitioner indicated that his sight is "rapidly deteriorating due to [his] condition of advanced stages of Glaucoma" (*id.*), but Petitioner did not

12

indicate why his reported disability constitutes good cause for his failure to exhaust his direct appeal.

Moreover, Petitioner had adequate time to exhaust his available state remedies before bringing the instant habeas action. The one-year limitations period under AEDPA runs "from the last of" a series of dates including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), and Mr. Walker's judgment has yet to become final by the conclusion of direct review.

## Conclusion

For the reasons stated above, Mr. Walker's motion to stay is DENIED, and his petition for a writ of habeas corpus is dismissed without prejudice. Because the Court declines to reach the merits of Mr. Walker's petition and dismisses it purely on procedural grounds, Mr. Walker's filing of a subsequent petition asserting the same grounds for relief shall not count as a "second" or "successive" petition under AEDPA. *See Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003). As Mr. Walker has failed to make a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336

13

(2003); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

      After fully exhausting any challenges to his conviction in the state courts, Mr. Walker may, if he so chooses, file a petition seeking a writ of habeas corpus regarding that conviction in this District.

      The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on Mr. Walker, note service on the docket, and close this case.

**SO ORDERED.**

Dated:    Brooklyn, New York
           May 26, 2020

                                    /s/
                                Hon. Kiyo A. Matsumoto
                                United States District Judge